1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARLENE H.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C20-754 RSM

**ORDER REVERSING
DEFENDANT'S DECISION TO
DENY BENEFITS AND
REMANDING FOR FURTHER
PROCEEDINGS**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income ("SSI") and Disability Insurance ("DI") Benefits. Plaintiff contends the ALJ erred by failing to correctly evaluate the medical opinions in the record, and by finding Plaintiff could perform other work at step five of the disability evaluation process. Pl. Op. Br. (Dkt. 20), pp. 1–2. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 50 years old, has a college education, and has worked as a case worker and recreation attendant. Admin. Record ("AR") 77, 498, 507. On July 9, 2012, Plaintiff applied for DI benefits, alleging disability as of June 1, 2011, later amended to July 1, 2012. AR 77, 171–75, 493, 607. Plaintiff's application was denied initially and on reconsideration. AR 76–101.

After ALJ Larry Kennedy conducted a hearing on June 6, 2013, the ALJ issued a decision finding Plaintiff not disabled. AR 15–28. The Appeals Council denied review and Plaintiff sought review in this Court. AR 1–2, 732–33.

While Plaintiff's claims were pending in this Court, she filed new applications in 2014 for SSI and DI benefits. AR 1212–23. These claims were denied initially and on reconsideration. AR 758–802.

On February 2, 2015, the Court entered an order reversing and remanding this matter for further administrative proceedings based on the parties' stipulation. AR 737–43. The Appeals Council sent the case back to the ALJ for reconsideration, and consolidated Plaintiff's 2014 SSI and DI claims with her 2012 DI claim. AR 754–56.

On March 27, 2017, ALJ Kennedy issued a recommended decision, after conducting two new hearings, again finding Plaintiff not disabled. AR 528–600, 810–35. The Appeals Council remanded the case again, and ordered the matter to be assigned to a new ALJ. AR 848–50.

On remand, ALJ M.J. Adams held two more hearings, taking testimony from Plaintiff, a medical expert, and a vocational expert. AR 602–705. ALJ Adams issued a decision on March 10, 2020, finding Plaintiff not disabled prior to February 1, 2020, but disabled as of that date, when she changed from a younger individual to an individual closely approaching advanced age, based on a non-mechanical application of the age categories. AR 492–510. In relevant part, the ALJ found Plaintiff had severe impairments of spinal impairments, bilateral knee impairments, bilateral hip impairments, obesity, somatic symptom disorder, affective disorders, anxiety disorders, and substance use disorder. AR 495. The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with additional postural and environmental restrictions, as well as cognitive, social, and adaptive restrictions. AR 497.

1        Plaintiff did not file exceptions to ALJ Adams's March 10, 2020, decision, and the

2  Appeals Council did not assume jurisdiction, making the ALJ's decision the Commissioner's

3  final decision.  *See* 20 C.F.R. §§ 404.984(d), 416.1484(d).

4  **DISCUSSION**

5        This Court may set aside the Commissioner's denial of Social Security benefits only if

6  the ALJ's decision is based on legal error or not supported by substantial evidence in the record

7  as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  The ALJ is responsible for

8  evaluating evidence, resolving conflicts in medical testimony, and resolving any other

9  ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Although

10  the Court is required to examine the record as a whole, it may neither reweigh the evidence nor

11  substitute its judgment for that of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

12  2002).  When the evidence is susceptible to more than one interpretation, the ALJ's

13  interpretation must be upheld if rational.  *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir.

14  2005).  This Court "may not reverse an ALJ's decision on account of an error that is harmless."

15  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

16      **1.**    **Medical Opinions**

17        Plaintiff challenges the ALJ's evaluation of select opinions from seven doctors regarding

18  (a) Plaintiff's ability to sustain full-time work, (b) Plaintiff's need to elevate her legs, and (c)

19  Plaintiff's ability to interact appropriately with supervisors.  Pl. Op. Br., pp. 5–12.  An ALJ may

20  only reject the uncontradicted opinions of a treating or examining doctor by providing "'clear

21  and convincing' reasons."  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v.*

22  *Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).  If the treating or examining doctor's opinions

23  are contradicted, the ALJ must provide "'specific and legitimate reasons' supported by

ORDER REVERSING DEFENDANT'S DECISION TO
DENY BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

1   substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830 (quoting *Murray v.*

2   *Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).  "The Commissioner may reject the opinion of a

3   non-examining physician by reference to specific evidence in the medical record." *Sousa v.*

4   *Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citations omitted).

5           A.      Plaintiff's Ability to Sustain Full-Time Work

6           Plaintiff argues the ALJ erred by rejecting opinions from several doctors that she could

7   not sustain full-time work.  Pl. Op. Br., pp. 5–10.  Plaintiff alleges the ALJ erred in rejecting

8   opinions from Richard Winslow, M.D., regarding Plaintiff's ability to sustain performance of

9   mental tasks sufficient for full-time work.  *See id.*  Plaintiff alleges the ALJ erred in rejecting

10  opinions from Donald Miller, M.D., J.D., Rachel Weiner, M.D., and Megan Melo, M.D.

11  regarding Plaintiff's ability to perform physical tasks sufficient for full-time work.  *See id.*

12                  i.      Mental Limitations – Dr. Winslow

13          Dr. Winslow, Plaintiff's treating psychiatrist, opined Plaintiff could not sustain mental

14  tasks such as carrying out simple and detailed tasks, responding appropriately to instructions and

15  criticism from supervisors, and interacting with coworkers for a full workday and week.  *See* AR

16  482, 1630, 4493–94.

17          The ALJ gave "minimal weight" to Dr. Winslow's opinions.  AR 505.  The ALJ reasoned

18  Dr. Winslow's opinions were inconsistent with the overall medical record, and Plaintiff's

19  activities of daily living.  AR 505–06.

20          The ALJ erred in rejecting Dr. Winslow's opinions as inconsistent with the overall

21  medical record.  The overall medical record contained a mix of findings, including some normal

22  mental status exams, and other reports of mild-to-moderate depression with slow and/or soft

23  speech.  *See, e.g.*, AR 449, 1762, 1797, 2570–71, 2871, 2873, 2875, 2877, 2891, 2895, 2901,

ORDER REVERSING DEFENDANT'S DECISION TO
DENY BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

2927, 2930.  These findings are not clearly inconsistent with Dr. Winslow's opinion that Plaintiff cannot persist with simple or detailed tasks, or sustain appropriate interactions with supervisors, and the ALJ has not otherwise identified any inconsistencies with those opinions.

The ALJ similarly erred in rejecting Dr. Winslow's opinions as inconsistent with Plaintiff's activities of daily living.  The ALJ noted Plaintiff participated in activities such as swimming, going for walks, playing basketball with her son, caring for family members, and traveling cross-country via public transportation.  AR 506.  But claimants need not be utterly incapacitated to be eligible for benefits, and "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  The activities the ALJ identified do not require interaction with supervisors or the kind of sustained persistence with simple and detailed tasks that full-time work involves.  The ALJ thus failed to present a specific and legitimate reason for rejecting Dr. Winslow's opinions that Plaintiff could not sustain mental tasks such as carrying out simple and detailed tasks, responding appropriately to instructions and criticism from supervisors, and interacting with coworkers for a full workday and week.

          ii.    Physical Limitations – Dr. Miller, Dr. Weiner, and Dr. Melo

Dr. Miller, an orthopedic surgeon, reviewed Plaintiff's records from Group Health between 2011 and 2016.  *See* AR 1522–23.  Dr. Miller opined Plaintiff could not sit and/or stand for even four hours in an eight-hour workday.  AR 1526.  He opined standing would provide no relief from her knee pain caused by sitting.  *Id.*  He also opined it was reasonable to expect Plaintiff could not stand and/or walk for even two hours in a full workday, week, and year.  AR 1527.

ORDER REVERSING DEFENDANT'S DECISION TO
DENY BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 5

1    Dr. Weiner, a treating doctor, agreed with Dr. Miller's opinions.  AR 1049.

2    Dr. Melo, Plaintiff's primary care provider, opined in January 2020 that Plaintiff could

3 not sit for even four hours in an eight-hour workday and five-day work week.  AR 4513.  Dr.

4 Melo opined this remained the case even if Plaintiff were allowed to alternate from sitting to

5 standing at will.  *Id.*  Dr. Melo also opined Plaintiff could not stand and/or walk for even two

6 hours in an eight-hour day, five days per week.  *Id.*

7    The ALJ rejected the opinions of Dr. Miller, Dr. Weiner, and Dr. Melo.  AR 503–04.

8 The ALJ reasoned these opinions were inconsistent with the overall medical record and

9 Plaintiff's activities of daily living.  *Id.*

10    Plaintiff has failed to show the ALJ harmfully erred in rejected the opinions of Dr. Miller,

11 Dr. Weiner, and Dr. Melo.  A material inconsistency between a doctor's opinion and a claimant's

12 activities can furnish a specific, legitimate reason for rejecting the doctor's opinion.  *See Rollins*

13 *v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).  The ALJ noted numerous activities that could

14 reasonably be viewed as contradicting the doctors' opinions.  Plaintiff reported swimming

15 several times a week, walking three times a week, sometimes as far as two miles, playing

16 basketball with her son, providing some level of care to her ailing mother and her own twin

17 teenage children, and traveling cross-country via car or bus on multiple occasions.  *See* AR 1806,

18 2027, 2292–93, 2297, 2877, 3087, 3102, 3113, 4430.

19    The Court need not decide whether the ALJ erred in rejecting the opinions of Dr. Miller,

20 Dr. Weiner, and Dr. Melo as inconsistent with the overall medical record because any error in

21 doing so was harmless.  An error is harmless "where it is 'inconsequential to the ultimate

22 disability determination.'"  *Molina*, 674 F.3d at 1115 (quoting *Carmickle v. Comm'r, Soc. Sec.*

23 *Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).  The ALJ reasonably rejected Plaintiff's physical

ORDER REVERSING DEFENDANT'S DECISION TO
DENY BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 6

1  symptom testimony as inconsistent with Plaintiff's activities of daily living, and that

2  determination remains valid regardless of the ALJ's evaluation of the medical evidence.

3    B.    Plaintiff's Need to Elevate Her Legs

4    Plaintiff argues the ALJ erred by rejecting opinions from several doctors that Plaintiff

5  would need to elevate her legs during the day.  Pl. Op. Br., pp. 10–11.  Arthur Chapman, M.D.,

6  one of Plaintiff's treatment providers, opined, "If [Plaintiff] obtained a job where she was to

7  perform that job in a seated position, I would advise that she elevate both feet and take a stretch

8  break every 30 minutes if that provides her the most comfort because her findings are consistent

9  with that."  AR 465.  Dr. Miller opined Plaintiff would need to elevate one or both of her legs at

10  or above the level of her heart at least once a day for 45 minutes or more the majority of days in

11  a week.  AR 1528.  Dr. Melo agreed with Dr. Miller's opinion.  AR 4515.

12    The ALJ rejected these opinions for the same reasons he rejected the opinions of Dr.

13  Miller, Dr. Weiner, and Dr. Melo discussed above: they were inconsistent with the overall

14  medical evidence and Plaintiff's daily activities.  AR 503–04.  The same analysis applies here,

15  and thus the ALJ did not err in rejecting the opinions of Dr. Chapman, Dr. Miller, and Dr. Melo

16  regarding Plaintiff's need to elevate her legs.

17    C.    Plaintiff's Limited Ability to Relate to Supervisors

18    Plaintiff argues the ALJ erred by rejecting opinions from Dr. Winslow, Cynthia

19  Collingwood, Ph.D., and Christmas Covell, Ph.D., regarding Plaintiff's ability to interact

20  appropriately with supervisors.  Pl. Op. Br., pp. 11–12.  As discussed above, the ALJ erred in

21  rejecting Dr. Winslow's opinions regarding Plaintiff's ability to interact with supervisors.

22    Dr. Collingwood, a non-examining doctor, opined Plaintiff was not significantly limited

23  in her ability to accept instructions and respond appropriately to criticism from supervisors.  AR

ORDER REVERSING DEFENDANT'S DECISION TO
DENY BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 7

768, 782.  She explained Plaintiff "would be able to work in [a] primarily independent work setting w[ith] superficial social demands/interactions with supervisors, coworkers, and the general public."  AR 768, 782.  Dr. Covell, another non-examining doctor, gave opinions identical to Dr. Collingwood's opinions.  *See* AR 798–99.

The ALJ gave the opinions of Dr. Collingwood and Dr. Covell significant weight, except that he found Plaintiff "is not limited to superficial interaction with supervisors and coworkers as opined by Dr. Collingwood and Dr. Covell."  AR 506.

The ALJ erred in rejecting the opinions of Dr. Collingwood and Dr. Covell that Plaintiff was limited to superficial interaction with supervisors because the ALJ gave no reasons for such rejection.  *See id.*  The ALJ did not reference any specific evidence to reject Dr. Collingwood's and Dr. Covell's opinions as to superficial interaction with supervisors, and thus erred in rejecting those opinions.  *See Sousa*, 143 F.3d at 1244.

## 2.    Step Five Findings

Plaintiff argues the ALJ erred at step five.  Pl. Op. Br., pp. 12–24.  The Court need not address Plaintiff's arguments because the ALJ's step five findings were based on hypotheticals to a vocational expert and an RFC that did not include all of Plaintiff's limitations.  "If an ALJ's hypothetical [to the vocational expert] does not reflect all of the claimant's limitations, then 'the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'"  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)).  As discussed above, the ALJ erred in rejecting Dr. Winslow's opinions, so failed to adequately account for those opinions in the RFC.  The step five finding was not supported by substantial evidence regardless of whether the ALJ erred, for example, by not adequately resolving a conflict between

ORDER REVERSING DEFENDANT'S DECISION TO
DENY BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 8

the *Dictionary of Occupational Titles* and the vocational expert's testimony.

### 3. Scope of Remand

Plaintiff asks the Court to remand this matter for an award of benefits. Pl. Op. Br., pp. 24–25. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995,1020 (9th Cir. 2014)). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The appropriate remedy here is to remand this matter for further administrative proceedings. Conflicts in the evidence remain that the ALJ must resolve, such as differences between the opinions from Dr. Winslow, Dr. Collingwood, and Dr. Covell on Plaintiff's ability to interact with supervisors, and opinions from non-examining doctors Steven Haney, M.D., and Michael L. Brown, Ph.D. *Compare* AR 482, 768, 782, 798–99, 1630, 4493–94, *with* AR 84–86,

98–99.  Furthermore, the Court is not in a position to translate this evidence into an RFC, nor to determine whether Plaintiff can perform other work based on such RFC.  *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.").

On remand, the ALJ must reassess Dr. Winslow's opinions, as well as Dr. Collingwood's and Dr. Covell's opinions regarding superficial interaction with supervisors.  The ALJ shall reassess Plaintiff's RFC, and step five findings, as necessary.  The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

### CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 8th day of February, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER REVERSING DEFENDANT'S DECISION TO
DENY BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 10